Aaron Baker, OSB #922220
BAKER LAW PC
1000 SW Broadway, Suite 2300
Portland, OR 97205
Phone: 503/234-8800
Fax: 503-525-0650
Email: aaron@awbakerlaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CYNTHIA ANN DILLON,**<br><br>Plaintiff,<br><br>v.<br><br>**FIDELITY NATIONAL MANAGEMENT SERVICES, LLC,**<br><br>Defendant. | Case No.   6:18-cv-00682<br><br>COMPLAINT<br><br>(ORS 659A.199; ORS 659A.355; ORS 652.355; ORS 659A183; ORS 659A.203; Common Law Wrongful Discharge; and FLSA Discrimination)<br><br>**DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney's fees for herself to redress injuries done to her by Defendant FIDELITY NATIONAL MANAGEMENT SERVICES, LLC, or officers, employees, agents, or subsidiaries of Defendant in contravention of her rights under her state protected rights under Oregon Revised Statutes 659A.199, 659A.355, 652.355, 659A.183, and 659A.203 and under the FLSA.

## Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 as Plaintiff is a citizen of a different state than Defendant FIDELITY NATIONAL MANAGEMENT SERVICES, LLC, and the amount in controversy exceeds $75,000. The court also has jurisdiction over Plaintiff's federal claim pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Eugene Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district, and Defendant resides in this judicial district in Lincoln County, Oregon.

## General Factual Allegations

4.

Plaintiff is a resident of Lincoln City, Oregon.

5.

Defendant FIDELITY NATIONAL MANAGEMENT SERVICES, LLC ("Defendant Fidelity") is a foreign limited liability company doing business in Oregon.

6.

Defendant Fidelity employed Plaintiff in Lincoln City, Oregon.

7.

At all material times, Defendant employed at least 25 employees.

8.

At all material times, Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors and management to act for Defendant, including but not limited to Anji Mitchell ("Mitchell").

9.

On or about May 30, 2017, Defendant hired Plaintiff as an Escrow Officer.

10.

Plaintiff performed her job duties as assigned.

11.

In or about June of 2017, Mitchell began to harass and belittle Plaintiff.  Plaintiff complained about her treatment by Mitchell to Mitchell and other managers.

12.

In or about August of 2017, Plaintiff collapsed at work and was taken to the emergency room.  Plaintiff missed some work due to her health and her collapse at work.  Plaintiff had informed Defendant early in her employment that she had received cancer treatments.  Plaintiff had appointments with her doctors to follow-up on the cancer treatment during her employment with Defendant and informed Defendant of the same.

13.

When returning to work after the collapse Plaintiff's hours were forcibly reduced and Plaintiff was not able to accomplish the work expected by Defendant.  Additional support was not immediately provided to offset the reduction in hours to help Plaintiff accomplish her expected work.

14.

In or about October 2017 Plaintiff complained and reported to Mitchell and other management about harassment in the workplace by a trainer named Cheryl.

15.

In or about November of 2017 Plaintiff was examining her compensation and discovered a deficiency in her pay of approximately $3,000.

16.

Plaintiff reported and complained to Mitchell about the wages owed.  Mitchell initially indicted that she was not happy about Plaintiff's complaint of wages owed and that Defendant was not going to pay the wages.  Plaintiff pressed Defendant for payment which included telling Mitchell that it was in the contract and Defendant was required to pay the wages.  Defendant indicated it might pay half of what was owed to Plaintiff.

17.

Mitchell told Plaintiff not to complain to Human Resources about the wages owed and if Plaintiff did complain to Human Resources Plaintiff would be "written up" or words to that effect.

18.

On or about December 5, 2017, when it became clear Defendant was not going to pay all wages owed after speaking with Mitchell and other management, Plaintiff reported and complained to Defendant's Human Resources department that Plaintiff was owed wages and management, including Mitchell, had refused to pay all wages owed.

19.

On or about December 18, 2017 Mitchell presented Plaintiff with a disciplinary write-up dated December 7, 2017.  Plaintiff reported to Mitchell she felt the write-up was retaliation for her reports to HR, or words to that effect. Plaintiff also reported to Human Resources she felt the write-up from Mitchell was retaliation for her reports to HR, or words to that effect.

20.

On or about January 17, 2018 Plaintiff's employment was terminated.

## First Claim for Relief

### (Whistleblower Retaliation – ORS 659A.199)

21.

Plaintiff realleges paragraphs 1 through 20 above as fully set forth herein.

22.

Defendant retaliated against Plaintiff in the terms and conditions of her employment, singled her out for discipline, and terminated Plaintiff in substantial part for opposing and reporting in good faith information Plaintiff believed to be evidence of violations of federal and/or state laws, rules, or regulations.

23.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional distress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss to be determined at trial.

24.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer economic loss in a sum to be proven at trial, which amount is alleged to include lost opportunities while employed and at least $8,000.00 per month from the time of her termination and continuing into the future.

25.

Defendant's conduct was wanton and willful, and Plaintiff should be awarded punitive damages in an amount to be determined at trial.

26.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to recover her reasonable attorneys' fees, expert fees, costs and disbursements.

## Second Claim for Relief

### (Discrimination – ORS 659A.355)

27.

Plaintiff realleges paragraphs 1 through 26 above as fully set forth herein.

28.

Defendant retaliated against Plaintiff in the terms and conditions of her employment, singled her out for discipline, and terminated Plaintiff in substantial part for inquiring about, discussing or disclosing in any manner the wages of the employee or of another employee.

29.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional distress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss to be determined at trial.

30.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer economic loss in a sum to be proven at trial, which amount is alleged to include lost opportunities while employed and at least $8,000.00 per month from the time of her termination and continuing into the future.

31.

Defendant's conduct was wanton and willful, and Plaintiff should be awarded punitive damages in an amount to be determined at trial.

32.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to recover her reasonable attorneys' fees, expert fees, costs and disbursements.

### Third Claim for Relief

**(Discrimination – ORS 652.355)**

33.

Plaintiff realleges paragraphs 1 through 32 above as fully set forth herein.

34.

Defendant retaliated against Plaintiff in the terms and conditions of her employment, singled her out for discipline, and terminated Plaintiff in substantial part because Plaintiff has made a wage claim or discussed, inquired about or consulted an attorney or agency about a wage claim.

35.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional distress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss to be determined at trial.

36.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer economic loss in a sum to be proven at trial, which amount is alleged to include lost opportunities while employed and at least $8,000.00 per month from the time of her termination and continuing into the future.

37.

Defendant's conduct was wanton and willful, and Plaintiff should be awarded punitive damages in an amount to be determined at trial.

///

38.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to recover her reasonable attorneys' fees, expert fees, costs and disbursements.

### Fourth Claim For Relief

**(Disability/Perceived Disability Discrimination - ORS 659A.112)**

39.

Plaintiff realleges paragraphs 1 through 38.

40.

At all material times, Plaintiff had a disability and/or perceived disability as defined in ORS 659A.104. Despite Plaintiff's disability and/or perceived disability she was able, with or without accommodation, to perform the essential functions of her position.

41.

Defendant knew about Plaintiff's disability. Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability at all material times.

42.

Defendant's treatment and termination of Plaintiff was substantially motivated by her disability/perceived disability and constitutes unlawful disability discrimination in violation of ORS 659A.112.

43.

Plaintiff realleges her damages and request for costs and attorneys' fees as stated in paragraphs 23 through 26.

### Fifth Claim For Relief

**(Disability/Perceived Disability Retaliation - ORS 659A.109)**

44.

Plaintiff realleges paragraphs 1 through 43.

45.

Plaintiff engaged in protected activity under 659A.109, including but not limited to requesting a reasonable accommodation of her medical condition. The request included but was not limited to more work hours and/or more support staff.

46.

Defendant retaliated against Plaintiff in violation of 659A.109 by singling her out for discipline and terminating her for engaging in protected activity.

47.

Plaintiff realleges her damages and request for costs and attorneys' fees as stated in paragraphs 23 through 26.

### Sixth Claim For Relief

**(Retaliation – FLSA)**

48.

Plaintiff realleges paragraphs 1 through 47.

49.

Defendant retaliated against Plaintiff in the terms and conditions of her employment, singled her out for discipline, and terminated Plaintiff in in violation of the Fair Labor Standards Act 29 U.S.C. §215.

50.

Pursuant to 29 U.S.C. §216, Plaintiff is entitled to liquidated damages equal to the amount of wages lost, the exact amount to be determined at trial.

51.

Pursuant to 29 U.S.C. §216, Plaintiff is entitled to reasonable attorney fees.

### Seventh Claim For Relief

**(Wrongful Discharge in Violation of Public Policy)**

52.

Plaintiff realleges paragraphs 1 through 47 above as fully set forth herein.

53.

At all materials times, the public policy of Oregon prohibited an employer from retaliating against an employee for opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules,

or regulations. This public policy is embodied in the common law, statutes, and regulations of the State of Oregon and the United States.

54.

Defendant, acting through their agents and/or employees, violated the above public policies by retaliating against Plaintiff for opposing and/or making good faith complaints about unlawful conduct.

55.

Defendant's discharge of Plaintiff was taken in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights, which are of important public interest.

56.

Plaintiff realleges her damages and request for costs and attorneys' fees as stated in paragraphs 23 through 26.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For permanent injunctive relief enjoining Defendant, its officers, employees and agents from engaging in any discrimination, retaliation or harassment;
2. Economic damages and future losses to be determined at trial;
3. Non-economic damages to be determined at trial;
4. Punitive damages in an amount to be determined at trial;
5. Reasonable costs and attorney's fees; and
6. For such other and further relief as the Court may deem just and equitable.

DATED this 20th day of April, 2018.

BAKER LAW PC

s/ *Aaron W. Baker*
Aaron W. Baker, OSB No. 922220
Attorney for Plaintiff